IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR)15-4068-MWB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| MARIO LIMON, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM (INCLUDING RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE)**

The United States of America hereby files its Sentencing Memorandum including Response to Defendant's Motion for Downward Variance in this case.

## I. WITNESSES

The government does not anticipate calling any witness(es).

## II. EXHIBITS

The government will not likely submit any exhibit(s).

## III. INTRODUCTION

Defendant pled guilty to Count1 of a four-count indictment, Count 1: conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine which contained 50 grams or more of actual (pure) methamphetamine. Defendant faces a minimum term of 10 years'

1

imprisonment and a maximum of life imprisonment.  (PSIR ¶ 49).

U.S. Probation scored defendant at a base and total offense level 36, plus a three-level upward adjustment for aggravated role, minus a three-level downward adjustment for acceptance of responsibility for a total offense level of 36.  (PSIR ¶¶ 15-24).  And U.S. Probation scored defendant at criminal history category II with three criminal history points.  (PSIR ¶¶ 25-29).  Therefore, defendant's advisory sentencing guideline range is currently scored at 210 to 262 months' imprisonment.  (PSIR ¶ 50).  Neither party has objected to these calculations.  However, defendant has filed a motion for downward variance.

## IV.  DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

Defendant seeks a downward variance based primarily on (1) defendant's personal history/characteristics, namely lack of education and family background; and (2) a categorical policy disagreement with the sentencing guidelines for methamphetamine (per *United States v. Hayes*, 948 F.Supp. 2d 1009, 1022-29 (N.D. Iowa 2013)).

The government acknowledges defendant has a limited education.  However, defendant has had a pretty good immediate family background.  (PSIR ¶¶ 42, 34-36).  Defendant has no physical or mental health issues and no history of drug or alcohol abuse.  (PSIR ¶¶ 39-41).  And defendant has a child abuse conviction (which started as a sexual abuse charge) regarding his wife's daughter at age 11.

2

(PSIR ¶¶ 27, 37). Defendant has a limited criminal history but such includes assault and an assault based offense. (PSIR ¶¶ 26-27). And defendant was involved in substantial (16 pounds over one year time frame) methamphetamine trafficking in a semi-sophisticated scheme (by mail to subordinate's address) from an out-of-state course. (PSIR ¶¶ 5-10).

The government acknowledges this court, in *Hayes* found a categorical policy disagreement with the U.S. Sentencing Guidelines for methamphetamine offenses (and essentially applied a 1/3 downward variance therefore due to certain factors). However, the government asserts at least some of that court's concerns on this issue have been ameliorated by the relatively recent amendments to the drug sentencing guidelines which effectively reduced the guideline levels for methamphetamine as well as other drugs. In addition, defendant's offense conduct includes involvement in regularly obtaining multiple pound quantities of methamphetamine (total 16 pounds over one year) by mail using a subordinate (co-defendant Garcia-Perez) to receive said drug shipments. (PSIR ¶¶ 5, 9). Defendant would then distribute said methamphetamine in multiple ounce quantities in the surrounding area. (PSIR ¶¶ 5-10). And finally, defendant's offense, methamphetamine trafficking, was clearly income/profit based (no history of drug/alcohol use/abuse). (PSIR ¶¶ 5-10, 49). This type of methamphetamine trafficking does not place defendant's offense characteristics in the low-level drug offender category as discussed in *Hayes*.

## V. CONCLUSION

The evidence in this case establishes defendant at an advisory sentencing guideline range of 210 to 262 months', and supports a sentence at or near this guideline range.

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By: /s/ *Shawn S. Wehde*

SHAWN S. WEHDE
Assistant United States Attorney
600 4th Street, Ste. 670
Sioux City, IA   51101
(712) 255-6011
(712) 252-2034 (fax)
Shawn.Wehde@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on November 8, 2016.

UNITED STATES ATTORNEY

BY:   s/ Shawn Wehde
Doug Roehrich